IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. 18-CR-0092 |
| DAMON MONTANO, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR DOWNWARD VARIANCE

COMES NOW Defendant pursuant 18 U.S.C. §3553(a) does hereby make motion for downward variance.

    Damon Montano, Defendant

    /s/ Jennifer Frese
    Jennifer Frese
    KAPLAN & FRESE, LLP
    111 E Church Street
    Marshalltown, IA 50158
    Phone: (641) 753-5549
    Fax: (641) 753-0962
    Email: jennifer@kaplanfrese.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Criminal No. 18-CR-0092 |
| DAMON MONTANO, ) | |
| ) | BRIEF IN SUPPORT OF MOTION |
| Defendant. ) | FOR DOWNWARD VARIANCE |

COMES NOW Defendant and does hereby provide the Court with the following brief in support of his motion for downward variance.

I.   FACTUAL BACKGROUND

Defendant, (hereinafter referred to as "Montano") has entered a plea of guilty to Possession of Firearms by a Person Convicted of Domestic Violence, in violation of 18 U.S.C. § 922(g)(9) and 18 U.S.C. § 924(a)(2). .

II.   ARGUMENT

When imposing a sentence, the district court must begin by correctly calculating the applicable guidelines range. *United States v. Weems*, 517 F.3d 1027 (8th Cir. 2008). At sentencing, the district court is tasked with fashioning a sentence tailored to the individual. As the Eighth Circuit stated in *United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (internal citations omitted),* the district court

> must "make an individualized assessment based on the facts presented." If the court concludes that a sentence outside of the Guidelines range is warranted, then it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." "[A] major departure should be supported by a more significant justification than a minor one." After the district court determines the "appropriate sentence," it must then "adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."

Sentencing judges may impose sentences that vary from the Guidelines range based on a policy disagreement with the Guidelines. *Kimbrough v. United States*, 552 U.S. 85, 109–10 (2007).

This court has discretion to sentence this defendant under the statute and the court should exercise that considerable discretion in this case. 18 U.S.C. 3553 provides guidance as to what factors the court shall consider when fashioning a sentence which is "reasonable but not greater than necessary" to achieve the goals of sentencing. When deciding upon an appropriate sentence, 18 U.S.C. § 3553 directs that the Court should, after considering the nature and circumstances of the offense impose a sentence that is "sufficient, but not greater than necessary, to comply with . . . the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." However, the sentencing imposed by the Court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The United States Supreme Court has told us that the guidelines are advisory and the court has discretion under the statute. *Gall v. United States*, 522 U.S. 38 (2007). Sentencing courts are granted broad discretion and are to examine closely all factors when sentencing defendants and specifically giving consideration to a motion for variance. In *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009) (internal citations omitted), the Court stated: "Factors ordinarily considered irrelevant in calculating the advisory guideline range …. can be relevant in deciding whether to grant a variance. In fashioning a 'sentence sufficient, but not greater than necessary,' 18 U.S.C. §3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.' As a consequence, factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure.

. . . In addition, factors that have already been taken into account in calculating the advisory guideline range, such as a defendant's lack of criminal history, can nevertheless form the basis of a variance."

Montano respectfully requests that the Court vary downward to achieve a sentence that is not greater than necessary under the factors set forth in 18 U.S.C. § 3553(a). Montano's history and characteristics support a downward variance. Montano has only one criminal history point for a domestic assault in 2007. PSR par. 26. Montano's conviction was on August 21, 2008. PSR par. 26. The time period for look back is 10 years. USSG § 4A1.2(e)(2). If Montano committed this offense after August 21, 2018, he would have no criminal history points.

Montano further has only served 3 days in jail before this offense. Currently he has been incarcerated for over 7 months. PSR par. 33-34. A sentence of time served will have the necessary punitive and deterrent measure. See *United States v. Qualls*, 373 F. Supp. 873, 877 (E.D Wis. 2005) (observing generally, that a shorter period of imprisonment is appropriate for a defendant who has not previously served a lengthy period of incarceration.) Montano has no other criminal history including non-scoring crimes other than simple traffic offenses. Montano has been incarcerated since July 29, 2018. PSR par. 33- 34. The defendant was arrested for domestic abuse assault, possession of a firearm or offensive weapon by domestic violence offender, and possession of marijuana in Tama County. PSR par. 33-34. Those charges were dismissed when Montano was indicted in the above captioned matter. PSR par. 33-34. The court should fashion is sentence that credits Montano for time spent in the Tama County Jail from 7/28/2018 – 9/13/2018.

The facts involving the domestic assault Montano was assessed a criminal history point for are also mitigating. Montano hit the driver side window causing the vehicle window to break. PSR par. 26. Montano does not dispute he committed an assault. He suggests that on the spectrum of ways to commit an assault that these facts are less concerning. He was clearly angry. He did not choose directly hit, punch or other touch the victim. There is no information that indicates Montano wanted to injure the victim.

Montano enlisted in the United States Air Force from June 1999 to June 2003. PSR par. 66. His highest rank was E-4 and Montano received an award for marksmanship. PSR par. 66. He was Honorably Discharged in June 2003.

Montano has a number of physical conditions including radial head fracture of his right elbow and degenerative joint disease of the right elbow. PSR par. 42. He further has a nasal blockage. PSR par. 42.

Montano has been diagnosed with schizophrenia. PSR par. 47, 48, 49. He has decided based on his own research not to take medication due to the negative effect said medication can have on his brain. PSR par. 48. Montano self-medicated with his use of marijuana. PSR par. 52. Montano has been received $900 per month in social security disability payment due to his diagnosis of schizophrenia since 2010. PSR par. 72. Montano has not objected to the probation condition that he obtain a mental abuse evaluation. PSR par. 83. Montano would suggest that he should have input in deciding where to do the evaluation.

Montano has significant education. He earned certificate in building trades in 1998. PSR par. 60. Montano further earned an associate of arts in 2011. PSR par. 61. He further earned two bachelor's degrees in at the University of Wyoming in 2017. Further Montano completed Tower Crane School in 2017. PSR par. 62.

Montano was gainfully employed at Amwood homes working as a crane operator when he was arrested. PSR par. 67, Defendant's exhibit A and B.

Montano has only one prior crime for which he spent three days in jail. He has significant education and was working when he was arrested. How much is enough is the question?

III. CONCLUSION

For all of the above reasons, the Defendant respectfully requests that the Court vary downward to a sentence not greater than necessary to achieve the goals of § 3553(a). What sentence is reasonable but not greater than necessary to protect the community and sufficiently deter Montano and others? A sentence of probation or time served is the sentence which best accomplishes both of those goals and ought to be the sentence imposed by the Court.

Damon Montano, Defendant

BY: /s/ Jennifer Frese
Jennifer Frese AT0008317
KAPLAN & FRESE, LLP
111 East Church Street
Marshalltown, Iowa 50158
Phone: (641) 753-5549
Fax: (641) 753-0962
jennifer@kaplanfrese.com

ATTORNEYS FOR DEFENDANT

Copy to:
US Attorney